IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| KEEHI MARINE, INC., | ) CIVIL NO. 14-00411 LEK-RLP |
|---|---|
| Plaintiff, | ) FINDINGS AND RECOMMENDATION TO ) GRANT PLAINTIFF KEEHI MARINE, |
| vs. | ) INC.'S MOTION FOR ENTRY OF ) DEFAULT AND DEFAULT JUDGMENT |
| VIDA MIA, O.N. 229011, HER ENGINES, MACHINERY, FURNITURE, EQUIPMENT, AND APPURTENANCES, IN REM, JOHN LAUGHTER AND CHAUNCEY FOX, IN PERSONAM, | ) AGAINST DEFENDANT VIDA MIA, ) O.N. 229011 AND ALL CLAIMANTS ) WHO HAVE NOT FILED A STATEMENT ) OF RIGHT/INTEREST AND/OR ) INTERVENED |
| Defendants. | ) |

FINDINGS AND RECOMMENDATION TO GRANT PLAINTIFF KEEHI MARINE, INC.'S MOTION FOR ENTRY OF DEFAULT AND DEFAULT JUDGMENT AGAINST DEFENDANT VIDA MIA, O.N. 229011 AND ALL CLAIMANTS WHO HAVE NOT FILED A STATEMENT OF RIGHT/INTEREST AND/OR INTERVENED[1]

Before the Court is Plaintiff Keehi Marine, Inc's Motion for Entry of Default and Default Judgment Against Defendant Vida Mia, O.N. 229011 and All Claimants Who Have Not Filed a Statement of Right/Interest And/Or Intervened filed on February 10, 2015 ("Motion"). ECF No. 27. Defendants have not filed a response or opposition. After carefully reviewing the Motion and relevant legal authority, the Court FINDS that the required notice has been given and the time for filing statements

---

[1] Within fourteen (14) days after a party is served with a copy of the Findings and Recommendation, that party may, pursuant to 28 U.S.C. § 636(b)(1)(B), file written objections in the United States District Court. A party must file any objections within the fourteen-day period allowed if that party wants to have appellate review of the Findings and Recommendation. If no objections are filed, no appellate review will be allowed.

of right/interest and/or intervention have expired. Accordingly, the Court RECOMMENDS the entry of default and default judgment against any and all claimants who have not filed a statement of right/interest and/or intervened.

BACKGROUND

Plaintiff Keehi Marine filed this action on September 12, 2014, alleging, in part, a maritime lien against Defendant Vida Mia, O.N. 229011, her engines, machinery, furniture, equipment, and appurtenances ("the Vessel"), John Laughter and Chauncey Fox. On September 15, 2014, the court issued an Order Authorizing Issue of Warrant for Maritime Arrest of the Vida Mia, O.N. 229011, her engines, machinery, furniture, equipment, and appurtenances. See ECF Nos. 12.

After no claim of ownership to the Vessel was filed, pursuant to the court's order, Plaintiff published notice of the seizure in the Honolulu Star Advertiser as required by Local Admiralty Rule C.3 and Rule C(4) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions. See ECF No. 19. The notice directed any and all persons claiming a right of possessory or ownership interest in the Vessel to file a and serve a verified statement of right or interest within fourteen days after the execution of process and an answer to the Verified Complaint within twenty-one days after filing the statement of interest or right. See ECF No. 20-1. Any person

2

claiming a maritime lien or other interest in the Vessel was required to file a timely application to intervene.  Id.

Defendant Chauncey Fox filed an Answer on December 4, 2014.  See ECF No. 21.  Defendant John Laughter filed an Answer on December 5, 2014.  See ECF No. 23.  These are the only responsive pleadings filed in this case.  No appearance has been made on behalf of the Vessel.  Both Mr. Fox and Mr. Laughter deny owning the Vessel.  ECF No. 21 at 1 ¶ 7, ECF No. 23 at 1 ¶ 7.

Plaintiff subsequently filed the instant Motion, which requests entry of default and default judgment against the Vessel and all claimants who have not filed a statement of right/interest and/or intervened, and a Motion for Interlocutory Sale of the Vessel.  See ECF No. 29.  The Court granted Plaintiff's Motion for Interlocutory Sale of the Vessel on March 10, 2015.  See ECF No. 40.  The auction is scheduled to take place on March 30, 2015.  See id.

DISCUSSION

Under Local Admiralty Rule C.5, a party is entitled to entry of default upon a showing that:  A) notice has been given as required by Local Admiralty Rule C.4(a) and Rule C.4(b); and B) the time for answer has expired and no one has appeared to claim the property.  LRC.5.  Default judgment may be entered pursuant to Federal Rules of Civil Procedure Rule 55(b) at any time after default has been entered.  Id.

A. All Notice Requirements Have Been Met.

Plaintiff has met all of the notice requirements under the Supplemental Rules, Local Admiralty Rules, and relevant statutes.

1. Local Admiralty Rule C.4(a)

Local Admiralty Rule C.4(a) requires publication of notice of arrest as outlined in Supplemental Rule C(4). See LR C.4(a). Notice of the arrest must be published in a newspaper with general circulation in the district. See Fed. R. Civ. P. Supp. R. C(4). Supplemental Rule C(4) requires that the notice indicate the time to file a statement of interest in or right against the seized property. Id.

In accordance with the court's order, Plaintiffs published notice of the arrest on November 6, 2014. See ECF No. 20-1. The notice contained all of the information required under Supplemental Rule C(4) and Local Admiralty Rule C.3(a). Id. Proof of publication was filed on November 12, 2014, in accordance with Local Admiralty Rule C.3(b). Id.

2. Local Admiralty Rule C.4(b)

Under Local Admiralty Rule C.4(b), Plaintiff was required to send notice of the arrest to all persons with a recorded interest if the Vessel is documented with the United States Coast Guard. LRC.4(b). Plaintiff's counsel provided written notice by certified mail, return receipt requested, to

4

the following potential claimants:  Sam Whippy, Jim Maynard, Laughing Fox Enterprises, LLC, and Communications Logistics Services, LLP ("CLS").  See Ex. A, B, C, E to Decl. of Michael J. Nakano ("Nakano Decl.").  According to the letters, Sam Whippy "may have a claim relating to the vessel," Laughing Fox Enterprises, LLC is the Vessel's owner of record and has recorded a Preferred Mortgage against the vessel, and CLS has recorded a Preferred Mortgage against the Vessel.  See id.

Accordingly, Plaintiff has satisfied all of the notice requirements under Local Admiralty Rule C.4(a) and Rule C.4(b).

B. <u>The Time for Filing Claims and Answers Has Expired.</u>

Plaintiff seeks default against any and all claimants who have not filed a statement of right/interest and/or intervened.  It is within the Court's power to default any parties who have not appeared and to bar any unfiled claims to the Vessel and/or proceeds from her sale if the requirements of Supplemental Rule C(6) have not been met.  <u>U.S.A. v. The Pride of Texas</u>, 964 F.Supp. 986, 988 (E.D. Va. 1994).  The time to file claims has passed.  The rules provide two deadlines for filing claims and/or answers.  Under either deadline, the time has expired.

First, under Supplemental Rule C(6)(a)(i), any and all statements of right/interest must be filed within fourteen days after the execution of process or within the time the court

5

allows.  Fed. R. Civ. P. Supp. R. C(6)(a)(i).  The party asserting a right/interest must then file an answer within twenty-one days after filing its statement of right/interest.  Fed. R. Civ. P. Supp. R. C(6)(a)(iv).

In this case, process was executed and the Vessel was arrested by the United States Marshal on September 22, 2014.  See ECF No. 15.  Under Supplemental Rule C(6)(a)(i), any party wishing to assert a claim had until October 6, 2014, to file a statement of right/interest and had until October 27, 2014, to file an answer.  Thus, both the deadline for filing a statement of right/interest and the deadline for filing an answer have passed.

Second, this Court's Local Admiralty Rules provide an alternative deadline.  Under Local Admiralty Rule C.3(a)(5), a statement of right/interest must be filed within ten days after publication of notice of the arrest.  LR C.3(a)(6).  An answer must then be filed within twenty days after publication of notice of the arrest.  LR C.3(a)(6).  Notice of the arrest was published on November 6, 2014.  Accordingly, any statements of right/interest should have been filed by November 16, 2014, and all answers by November 26, 2014.  Thus, under the alternative deadline provided by Local Admiralty Rule C.3(a), the time for filing statements of right/interest and answers has expired.

Accordingly, under either deadline, the time to file a

statement of right/interest and/or intervene has expired.

CONCLUSION

Based on the foregoing, the Court FINDS that Plaintiff is entitled to entry of default and default judgment as requested in the Motion. The Court RECOMMENDS that Plaintiff's Motion be GRANTED and that the district court enter default and default judgment against the Defendant Vessel and any and all claimants who have not filed a statement of right/interest and/or intervened.

IT IS SO FOUND AND RECOMMENDED.

DATED AT HONOLULU, HAWAII, MARCH 19, 2015.

/s/ Richard L. Puglisi
Richard L. Puglisi
United States Magistrate Judge

**KEEHI MARINE, INC. V. VIDA MIA, O.N. 229011, ET AL.; CIVIL NO. 14-00411 LEK-RLP; FINDINGS AND RECOMMENDATION TO GRANT PLAINTIFF KEEHI MARINE, INC.'S MOTION FOR ENTRY OF DEFAULT AND DEFAULT JUDGMENT AGAINST DEFENDANT VIDA MIA, O.N. 229011 AND ALL CLAIMANTS WHO HAVE NOT FILED A STATEMENT OF RIGHT/INTEREST AND/OR INTERVENED**