IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| KEEHI MARINE, INC., | ) CIVIL NO. 14-00411 LEK-RLP |
| | ) |
| Plaintiff, | ) FINDINGS AND RECOMMENDATION TO |
| | ) GRANT PLAINTIFF'S MOTION FOR |
| vs. | ) ENTRY OF DEFAULT JUDGMENT |
| | ) AGAINST JOHN LAUGHTER AND |
| VIDA MIA, O.N. 229011, her | ) CHAUNCEY FOX |
| engines, machinery, | ) |
| furniture, equipment, and | ) |
| appurtenances, In Rem, JOHN | ) |
| LAUGHTER and CHAUNCEY FOX, In | ) |
| Personam, | ) |
| | ) |
| Defendants. | ) |
| | ) |

FINDINGS AND RECOMMENDATION TO GRANT PLAINTIFF'S MOTION FOR
ENTRY OF DEFAULT JUDGMENT AGAINST JOHN LAUGHTER AND CHAUNCEY FOX[1]

Before the Court is Plaintiff's Motion for Entry of Default Judgment Against John Laughter and Chauncey Fox, filed on April 14, 2016 ("Motion"). ECF No. 69. The Court found this matter suitable for disposition without a hearing pursuant to Rule 7.2(d) of the Local Rules of Practice of the United States District Court for the District of Hawaii. At the Court's direction, Plaintiff filed a Supplemental Memorandum regarding damages on May 5, 2016. ECF No. 75. After carefully reviewing the pleadings and relevant legal authority, the Court FINDS and

---

[1] Within fourteen days after a party is served with a copy of the Findings and Recommendation, that party may, pursuant to 28 U.S.C. § 636(b)(1), file written objections in the United States District Court. A party must file any objections within the fourteen-day period allowed if that party wants to have appellate review of the Findings and Recommendation. If no objections are filed, no appellate review will be allowed.

RECOMMENDS the entry of default judgment against Defendants John Laughter and Chauncey Fox.

## BACKGROUND

Plaintiff filed this action on September 12, 2015, alleging, in part, a maritime lien against Defendant Vida Mia, O.N. 229011 ("Vessel").  The U.S. Marshals seized the Vessel on September 24, 2015.  On September 15, 2015, the court granted Plaintiff's motion to appoint Mark Knutson as substitute custodian pursuant to Rule E, Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions ("Supplemental Rules").  See ECF No. 12.  Pursuant to the Court's order, Plaintiff published notice of the seizure in the Honolulu Star Advertiser as required by Local Admiralty Rule C.3 and Rule C(4) of the Supplemental Rules.  See ECF No. 19.  Defendants Laughter and Fox filed Answers to the Verified Complaint on December 4 and 5, 2014.  ECF Nos. 21, 23.

The Court granted entry of default and default judgment against the Vessel and all claimants who did not file a statement of interest on April 7, 2015.  ECF Nos. 43, 49.  The Court also granted Plaintiff's petition to dispose of the Vessel by interlocutory sale.  ECF Nos. 48, 53.

After Defendant Laughter and Defendant Fox failed to appear at the Settlement Conference set by the Rule 16 Scheduling Order, the Court issued an Order to Show Cause directing

Defendant Laughter and Defendant Fox to appear on January 21, 2016, and to show cause why default should not be entered against them. ECF No. 61. Defendant Laughter and Defendant Fox failed to appear at the Show Cause Hearing. See ECF No. 66. The Court issued an order directing entry of default against Defendant Laughter and Defendant Fox on January 21, 2016. ECF No. 64. In the present Motion, Plaintiff requests entry of default judgment against Defendants Laughter and Fox. ECF No. 69.

DISCUSSION

Default judgment may be entered for the plaintiff if the defendant has defaulted by failing to appear and the plaintiff's claim is for a "sum certain or for a sum which can by computation be made certain[.]" Fed. R. Civ. P. 55(b)(1), (2). The granting or denial of a motion for default judgment is within the discretion of the court. Haw. Carpenters' Trust Funds v. Stone, 794 F.2d 508, 511-12 (9th Cir. 1986). Entry of default does not entitle the non-defaulting party to a default judgment as a matter of right. Valley Oak Credit Union v. Villegas, 132 B.R. 742, 746 (9th Cir. 1991). Default judgments are ordinarily disfavored, and cases should be decided on their merits if reasonably possible. Eitel v. McCool, 782 F.2d 1470, 1472 (9th Cir. 1986). The court should consider the following factors in deciding whether to grant a motion for default judgment:

    (1) the possibility of prejudice to the plaintiff;

>    (2) the merits of plaintiff's substantive claim;
>
>    (3) the sufficiency of the complaint;
>
>    (4) the sum of money at stake in the action;
>
>    (5) the possibility of a dispute concerning material facts;
>
>    (6) whether the default was due to excusable neglect; and
>
>    (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits.

Eitel, 782 F.2d at 1471-72.

On default "the factual allegations of the complaint, except those relating to the amount of damages, will be taken as true." TeleVideo Sys., Inc. v. Heidenthal, 826 F.2d 915, 917-18 (9th Cir. 1987) (quoting Geddes v. United Fin. Group, 559 F.2d 557, 560 (9th Cir. 1977)). The allegations in the complaint regarding liability are deemed true, but the plaintiff must establish the relief to which she is entitled. Fair Hous. of Marin v. Combs, 285 F.3d 899, 906 (9th Cir. 2002). Also, "necessary facts not contained in the pleadings, and claims which are legally insufficient, are not established by default." Cripps v. Life Ins. Co. of N. Am., 980 F.2d 1261, 1267 (9th Cir. 1992) (citing Danning v. Lavine, 572 F.2d 1386, 1388 (9th Cir. 1978)). The Court will address each factor in turn.

### 1. The Possibility of Prejudice to Plaintiffs

The first factor considers whether the plaintiff would suffer prejudice if default judgment is not entered. See PepsiCo, Inc. v. Cal. Sec. Cans, 238 F. Supp. 2d 1172, 1177 (C.D. Cal. 2002). Here, absent entry of default judgment, Plaintiff would not have another recourse for recovery. Accordingly, the first Eitel factor favors the entry of default judgment.

### 2. Merits of Plaintiff's Substantive Claims

As noted above, for purposes of liability the factual allegations in the complaint are taken as true on default. See TeleVideo Sys., Inc., 826 F.2d at 917-18; Fair Hous. of Marin, 285 F.3d at 906. Here, Plaintiff brought this action against the Vessel, in rem, and Defendants, in personam, for unpaid goods and services that had been provided to the Vessel by Plaintiff. See ECF No. 1 ¶ 11. Plaintiff asserted claims for breach of contract and unjust enrichment against Defendant Laughter and Defendant Fox. Id. ¶¶ 18-26. Plaintiff alleged that it entered into maritime contracts with Defendants Laughter and Fox to supply goods and services to the Vessel, Plaintiff performed its obligations under the contracts, Defendants materially breached the contracts by failing to pay Plaintiff for the goods and services provided to the Vessel, and Plaintiff was damaged as a result. Id. ¶¶ 19-22. Plaintiff also alleged that Defendants Laughter and Fox were unjustly enriched by their failure to pay

Plaintiff for the goods and services provided to the Vessel. Id. ¶¶ 23-26. The Court finds that Plaintiff's allegations, taken as true, are sufficient to establish that Plaintiff is entitled to judgment against Defendant Laughter and Defendant Fox. Accordingly, this factor weighs in favor of default judgment.

### 3. Sufficiency of the Complaint

The allegations in the Complaint are sufficiently pled and supported by the documents filed with the Motion. The Court finds that the sufficiency of the Complaint weighs in favor of default judgment.

### 4. Sum of Money at Stake

The Court "must consider the amount of money at stake in relation to the seriousness of Defendant's conduct." PepsiCo, Inc., 238 F. Supp. 2d at 1177 (citing Eitel, 782 F.2d at 1472). According to Plaintiff, $93,147.86 in goods and services were provided to the Vessel. ECF No. 75 at 2. Plaintiff seeks judgment against Defendants Laughter and Fox in the amount of $64,916.61, which represents the total amount of goods and services provided to the Vessel minus $28,231.25, which was paid to Plaintiff for those goods and services. Id.; ECF No. 75-1 ¶¶ 7-10. Plaintiff's damages request is tailored to Defendant Laughter's and Defendant Fox's specific wrongful conduct in failing to abide by the terms of the maritime contracts. The Court finds that this factor weighs in favor default judgment.

### 5. Possibility of Dispute Concerning Material Facts

As noted above, the well-pled factual allegations of the complaint, except those relating to the amount of damages, will be taken as true. TeleVideo Sys., Inc., 826 F.2d at 917-18. Although Defendant Laughter and Defendant Fox filed Answers to the Complaint, default was entered against them after they failed to appear at the Settlement Conference set by the Rule 16 Scheduling Order and failed to appear at the Show Cause Hearing. See ECF No. 64. Defendants have been given a fair amount of time to defend this action, but have not done so. Because no dispute has been raised regarding Plaintiff's material factual allegations, the Court finds that this factor favors default judgment.

### 6. Whether Default was Due to Excusable Neglect

The Court finds that Defendants' default was not the result of excusable neglect. As detailed in the Order Directing Default Against John Laughter and Chauncey Fox issued by the Court on January 21, 2016, Defendants failed to appear at the Settlement Conference set by the Rule 16 Scheduling Order and failed to appear at the Show Cause Hearing. See ECF No. 64. Despite ample notice, Defendants have failed to defend this action. The record suggests that Defendants' default was not the result of any excusable neglect, but rather due to Defendants' conscious and willful decision not to defend this action.

Consequently, this factor favors default judgment.

### 7. **Policy Favoring Decisions on the Merits**

Defendant Laughter's and Defendant Fox's failure to defend this action makes a decision on the merits impractical, if not impossible.  Under Rule 55, "termination of a case before hearing the merits is allowed whenever a defendant fails to defend an action."  PepsiCo., Inc., 238 F. Supp. 2d at 1177; see also Philip Morris USA, Inc. v. Castworld Prods., Inc., 219 F.R.D. 494, 501 (C.D. Cal. 2003) ("the mere existence of Fed. R. Civ. P. 55(b) indicates that the seventh Eitel factor is not alone dispositive").  Here, Defendants have failed to defend this action and have consequently rendered adjudication on the merits before this Court impracticable.  This factor does not preclude the Court from entering default judgment against Defendant Laughter and Defendant Fox.

### 8. **Totality of Eitel Factors**

The Court finds that the totality of the factors weigh in favor of entering default judgment in Plaintiff's favor and against Defendant Laughter and Defendant Fox.

### C. Damages

In support of its requested damages, Plaintiff submitted the Declaration of Yoshi Muraoka, Plaintiff's general manager.  ECF Noo. 75-1.  Mr. Muraoka states that a total of $93,147.86 of goods and services were provided to the Vessel.

<u>Id.</u> ¶ 7. Mr. Muraoka also states that $28,231.25 was paid to Plaintiff for the goods and services provided to the Vessel. <u>Id.</u> ¶ 8. Mr. Muraoka states that the remaining balance due is $64,916.61. <u>Id.</u> ¶ 10. Attached to Mr. Muraoka's Declaration are invoices for the goods and services provided by Plaintiff and an account statement regarding those goods and services. <u>See</u> ECF Nos. 75-2, 75-3. Based on the evidence provided by Plaintiff, the Court finds that Plaintiff is entitled to damages in the amount of $64,916.61.

<u>CONCLUSION</u>

In accordance with the foregoing, the Court FINDS and RECOMMENDS that Plaintiff's Motion for Entry of Default Judgment Against John Laughter and Chauncey Fox be GRANTED as follows:

(1)  Default judgment be entered in Plaintiff's favor and against Defendant Laughter and against Defendant Fox;

(2)  Plaintiff is entitled to an award of damages in the amount of $64,916.61.

IT IS SO FOUND AND RECOMMENDED.

DATED AT HONOLULU, HAWAII, MAY 10, 2016.

Richard L. Puglisi
United States Magistrate Judge

**KEEHI MARINE, INC. v. VIDA MIA, O.N. 229011, ET AL.; CIVIL NO. 14-00411 LEK-RLP; FINDINGS AND RECOMMENDATION TO GRANT PLAINTIFF'S MOTION FOR ENTRY OF DEFAULT JUDGMENT AGAINST JOHN LAUGHTER AND CHAUNCEY FOX**